## GRANT v. COLE & Co.

1. The plaintiff may prove his account by his own oath under the statute, although the suit is brought upon a note as well as an account.
2. The plaintiff may abandon a part of his account, so as to bring it under $100, to entitle him to testify.
3. No notice other than that contained in the declaration, need be given, that the plaintiff intends being a witness under the statute.

Error to the County Court of Dallas.

ASSUMPSIT by the defendants, against the plaintiff in error, upon a note for $59 56, and an open account for $109.

From a bill of exceptions it appears, that the plaintiff read the note to the jury, and proved by a witness $39 38 of the account, and abandoning all the account over one hundred dollars, offered to prove by his own oath, all the items of the account not proved by the witness. This was objected to by the defendant, but the court overruled the objection, and permitted the evidence to be given, to which he excepted, and which he assigns for error.

G. W. GAYLE for the plaintff in error, contended, that as the action was upon a note, and account jointly, the plaintiff could not be a witness to prove the account, under the act of 1839, but if admissible, could only prove to the amount of $100, including the note. If the party can abandon a part of the account, it must be before the trial.

It does not appear that any notice was given that the plaintiff would prove the account by his own oath. He cited 3 S. & P. 13; 3 Ala. Rep. 442; Id. 507.

EDWARDS, contra, cited 3 S. & P. 198; 2 Porter, 186; 2 Stewart, 487.

ORMOND, J.—The statute under which the plaintiff was examined as a witness, provides, " that in all suits to be commenced upon accounts for a sum not exceeding one hundred

dollars, the oath of the plaintiff shall be received as evidence of the demand ; unless the same shall be controverted by the oath of the defendant." [Clay's Dig. 342, § 161.] The objection that the act does not apply where the suit is brought upon a note, as well as an account, cannot be sustained. We can perceive no reason whatever for thus limiting its operation. The suit is not the less upon an account, that the amount of a note is also sought to be recovered in the same action. The statute is remedial, and must receive a construction to effectuate its intent. [Moore v. Hatfield & Smith, 3 Ala. R. 442.]

For the same reason, we think the plaintiff may, upon the trial, abandon all his account over one hundred dollars, and prove that sum by his own oath, if the defendant does not controvert it. It might frequntly happen, that the plaintiff would not know until the trial of the cause, that he could not establish his account by testimony other than his own, and certainly the defendant cannot object, that a part of the account is abandoned. This can be done so as to give a justice of the peace jurisdiction, (King v. Dougherty, 2 Stew. 487,) a much stronger case than the present.

The statute does not require notice to be given of the proof intended to be made, except the notice contained in the declaration, which was afforded in this case.

Let the judgment be affirmed.

